■ In the Matter of the Estate of NATHAN FINKELSTEIN, Deceased. KOPEL FINKELSTEIN, as Administrator of the Estate of NATHAN FINKELSTEIN, Deceased, Appellant; GUSTAVE G. ROSENBERG, Respondent.— Appeal from a decree and a resettled decree of the Surrogate's Court, Kings County, which decrees (a) fixed respondent's fee in an action for wrongful death which had been settled, (b) found that appellant's failure to obtain the benefit of his share of the proceeds of the settlement was due to his inaction, and (c) authorized respondent to deposit with the city treasurer the proceeds of the settlement due appellant. Resettled decree unanimously affirmed, with costs. Appeal from original decree dismissed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ JOHN A. JOHNSON & SONS, INC., Appellant, v. NATIONAL CITY BANK OF NEW YORK et al., Respondents, et al., Defendant.— In an action against the National City Bank of New York to recover money on deposit in a special checking account standing in the name of Edison Concrete Corporation, the bank procured an order interpleading said corporation together with certain claimants to the fund and deposited it in court. All the interpleaded defendants except Edison Concrete Corporation appeared and interposed answers, asserting claims against the fund, each claiming priority of lien. A separate trial was ordered to determine the issue as to the ownership of the fund as between plaintiff and the bank and Edison Concrete Corporation. Although the order provided that all defendants might partake in the trial of said issue as to the ownership of said fund, the record does not disclose that any other issue was directed to be separately tried. The separate trial was held before a Special Referee who found in favor of plaintiff on that issue. The record does not disclose that any other issue was submitted to the Special Referee for determination or that he decided any other question. Thereafter plaintiff moved at Special Term to sever the action with respect to plaintiff's causes of action against the bank, and to direct payment of the fund to plaintiff. The motion was denied, and upon reargument the court adhered to its original determination. Plaintiff has appealed from both orders. Order on reargument affirmed, with $10 costs and disbursements. On the record presented it does not appear that the issues raised in the answers concerning the rights and priorities of the respective defendants in relation to the fund on deposit in court have been tried. Distribution of the fund must await the entry of a final judgment or an order pursuant to section 285 of the Civil Practice Act after the adjudication of all the issues raised by the pleadings. (Cf. *Water Right & Elec. Co.* v. *Rockland Light & Power Co.*, 245 App. Div. 739.) Appeal from original order dismissed, without costs. The right to prosecute such appeal after the service of a notice of appeal from the order on reargument is not saved by the provisions of section 562-a of the Civil Practice Act. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.